IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GUY RICHMOND, #191-593, | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION NO. WMN-05-1268 |
| | : |
| MCTC WARDEN and | : |
| STATE OF MARYLAND, *et. al.*, | : |
| Defendants | : |

## **MEMORANDUM**

Plaintiff, a frequent prisoner litigator, has filed approximately sixty cases in this Court in the past fifteen years. Here, he seeks "better housing and compensation for my pain and suffering" and complains that he was wrongfully convicted of an institutional infraction after being falsely accused of fighting with his cell mate.[1] The complaint will be dismissed pursuant to this Court's authority under 28 U.S.C. § 1915(g).

The "Prison Litigation Reform Act" or "PLRA," signed into law on April 26, 1996, redesignated former 28 U.S.C. § 1915(d) as § 1915(e) and amended § 1915(e)(2) to state that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (I) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Plaintiff alleges generally that being charged with assault on his cell mate put him in "imminent danger," presumably because he was reclassified to medium security status. He does not, however, indicate what specific danger resulted from the charge and conviction, and none is apparent from the pleadings.

In addition, the PLRA added a new subsection (g) to § 1915 which mandates that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.[2]

On at least three occasions, Plaintiff has been granted *in forma pauperis* status in cases that were dismissed as frivolous.[3] Given these "strikes" and the fact that Plaintiff's instant allegations do not show that he truly is in imminent danger of serious physical injury, this action shall be dismissed pursuant to § 1915(g). Plaintiff shall be denied leave to proceed *in forma pauperis*. He may, however, resume any claims dismissed under § 1915(g), if he chooses to pursue them, under the fee provisions of 28 U.S.C. § 1914. A separate Order shall be entered in accordance with the opinion set forth above.

/s/

May 24, 2005
 Date

William M. Nickerson
United States District Court Judge

---

[2] Of course, this provision does not preclude an inmate from prepaying the full $250.00 fee to refile claims previously rejected under § 1915(g) or to file future civil actions.

[3] *See Richmond v. Waters,* Civil Action No. WMN-97-194 (D. Md. 1997); *Richmond v. Sacchet,* Civil Action No. WMN-98-3171 (D. Md. 1998); and *Richmond v. Sacchet*, Civil Action No. WMN-98-3275 (D. Md. 1998).